**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **Z.H. and N.H.**

**No. 16-0625** (Mercer County 14-JA-172-WS & 14-JA-173-WS)

**MEMORANDUM DECISION**

Petitioner Father A.H., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's May 27, 2016, order terminating his parental, custodial, and guardianship rights to ten-year-old Z.H. and seven-year-old N.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), John Earl Williams Jr, filed a response on behalf of the children, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a dispositional improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008 and 2011, petitioner successfully completed two treatment plans and regained custody of his children. In 2012, the DHHR filed another petition for abuse and neglect against petitioner alleging that he failed to provide appropriate supervision for his children. After approximately two years of services, petitioner successfully completed his improvement period and the case was dismissed by order entered in May of 2014.

Approximately seven months after the 2012 proceeding was dismissed, the DHHR filed yet another petition for abuse and neglect against petitioner alleging that he failed to properly supervise his children, exposed his children to acts of domestic violence, and failed to protect his

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

children from an alleged sexual assault. The circuit court held an adjudicatory hearing during which it heard testimony from several witnesses. After considering the testimony and evidence, the circuit court held that petitioner neglected his children in that he was "unable to provide a stable and appropriate home . . . or care for" his children. The circuit court took petitioner's motion for a post-adjudicatory improvement period under advisement.

In April of 2016, the circuit court held a dispositional hearing during which it heard testimony that while petitioner received multiple services during his prior abuse and neglect proceedings, he continued to provide insufficient supervision to his children and exposed his children to sexual abuse. By order entered on May 27, 2016, the circuit court terminated petitioner's parental, custodial, and guardianship rights to his children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of his parental rights without first granting his motion for a dispositional improvement period. Pursuant to West Virginia Code § 49-4-610(3), circuit courts have discretion to grant an improvement period when the parent "moves in writing for the improvement period [and] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." To begin, the record is devoid of any evidence that petitioner filed a motion for a post-dispositional improvement period. Be that as it may, it is clear that the circuit court did not abuse its discretion in denying petitioner a post-dispositional improvement period. As outlined above, petitioner was provided approximately two years of services in prior abuse and neglect proceedings to correct the conditions that led to his neglect of his children. Despite these services, petitioner failed to benefit from the same, as evidenced by his conduct, which necessitated the filing of the underlying petition for substantially similar conditions of abuse and neglect. Following the completion of his prior improvement period, he continued to place his children in unsafe and dangerous situations, including exposing them to sexual abuse. For these reasons, we find no error.

For the foregoing reasons, we find no error in the circuit court's May 27, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3